UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NUSRAT RIZVI, and
EILEEN RIZVI,
    Plaintiffs,

v.

URSTADT BIDDLE PROPERTIES INC.
et al.
    Defendant.

No. 3:17-cv-01410-VAB

**RULING ON DEFENDANTS' MOTIONS TO STRIKE AMENDED COMPLAINT**

Nusrat and Eileen Rizvi ("Plaintiffs") filed this lawsuit on August 21, 2017, ECF No. 1. Currently pending before the Court are four motions to strike Plaintiffs' Amended Complaint. *See* William L Biddle and Urstadt Biddle Property Inc. Mot. to Strike, ECF No. 25; Nobel F. Allen, Hinckley, Allen, and Snyder LLP Mot. to Strike, ECF No. 27; Tibbetts Keating & Butler LLC Mot. to Strike Amended Compl., ECF No. 29; Coles Baldwin and Kaiser LLC, John B Kaiser, Spa Thea, LLC Mot. to Strike, ECF No. 30.

All four motions raise similar arguments. First, they argue that Plaintiffs are not allowed to amend their complaint as of right under Fed. R. of Civ. P. 15(a)(1) because it was filed after a court-imposed deadline and after the applicable 21-day period. Second, assuming that the Plaintiffs seek leave to amend under Fed. R. of Civ. P. 15(a)(2), Defendants argue that amendment would be futile.

Because the Court holds that Plaintiffs were entitled to amend as of right, it will not reach any question of the merits in this case. The motions to strike will be **DENIED**. The three

1

pending motions to dismiss the initial complaint will be **DISMISSED** as moot, without prejudice to renewing any arguments raised as to the amended complaint at a later date.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Background

Plaintiffs filed the initial complaint on August 21, 2017. Compl., ECF No. 1. In their initial complaint, Plaintiffs alleged they operated the Lanphier Spa from 1992 until 2012. *Id.* ¶ 15. In 1998, Plaintiffs allege that one of the defendants in this case, Urstadt Biddle Properties ("UBP"), acquired the shopping center in which the spa was located. *Id.* ¶ 19.

In 2006, Plaintiffs allege they signed a five-year extension of their lease; the lease was set to expire on November 30, 2011. *Id.* ¶ 20. They claim that, following the lease extension, they began a set of renovations to the premises, completing these changes in 2009 for a cost of approximately $380,000. *Id.* ¶ 23. Plaintiffs also allege that they timely notified UBP that they would accept another ten-year extension of the lease. *Id.* ¶ 25. UBP sent the terms of the lease and then requested additional documentation and signatures. *Id.* ¶¶ 26-32.

Around the same time as the lease renewal, Plaintiffs began discussing selling the spa to Andrew Stefanou, who was then its manager. *Id.* ¶ 24. Plaintiffs allege the initial purchase price was $3.5 million. In 2011, however, Plaintiffs allege that UBP changed its requirements for the lease renewal: they now required Stefanou's signature on any renewal. *Id.* ¶ 32-33.

Plaintiffs allege that this pattern continued: UBP would state additional restrictions on the renewal of the lease, and Stefanou would lower his offering price. *Id.* ¶ 33-36. Finally, Plaintiffs state that they "confronted Stefanou about financials and the inference from them that he was sabotaging the business to depreciate its value," and they allege they fired him after he "threatened to 'destroy the Rizvis.'" *Id.* ¶ 37. Four days later Plaintiffs allege that UBP informed

them that UBP would not renew the lease without Stefanou as guarantor. *Id.* ¶ 38. According to Plaintiffs UBP stopped negotiating with them, and instead rented the facility to Stefanou, who began operating Spa Thea at the site. *Id.* ¶ 39-41.

Plaintiffs then initiated legal action in state court, alleging that there was a conspiracy to evict them and release the premises; this action was eventually dismissed. *Id.* ¶ 43. In that state court action, Defendants Attorney Mario Cometti and Tibbetts, Keating and Butler, LLC, represented the Plaintiffs. *Id.* ¶ 46. UBP was represented by Defendants Hinckley, Allen, and Snyder, LLP. Plaintiffs assert that UBP and the Defendant law firms negotiated a settlement agreement that included terms related to Plaintiffs' eviction from the property, but that they "had not seen any 'General Release' when the Stipulated Judgment was signed and thus discussed neither its putative terms or signing it." *Id.* ¶ 47-50. Plaintiffs vacated the premises. *Id.* ¶ 54.

Plaintiffs allege that they were provided copies of the "Stipulated Judgment" in 2013, which included a general release provision. *Id.* ¶ 60. They allege that, while the agreement bore their signatures, those "false signatures were lifted from other documents." *Id.* ¶ 58.

On March 28, 2014, Plaintiffs filed a complaint in state court for a Pure Bill of Discovery, and the court scheduled a hearing, presided over by Defendant Judge Antonio Robaina. *Id.* ¶¶ 63-64. Judge Robaina examined the allegedly forged agreements *in camera* and denied discovery, "stating the documents were identical except for a handwritten note on the upper right hand of the first page and the name of the County as Fairfield in faded ink . . . ." *Id.*

### B.     Procedural Background

Plaintiffs then initiated this action. They allege that defendants are liable for committing mail fraud "to effectuate Plaintiffs' dispossession" of the spa "and to generate a fraudulent document. . . . Defendants either perpetrated the forgery or participated in it while underway."

*Id.* ¶¶ 68-69. Additionally, they allege that Defendants violated Connecticut law "by falsely making, completing, altering, or issuing" the general release. *Id.* ¶¶ 70-71. Finally, they allege Judge Robaina is liable for "fraud on the court" because they claim he did not "perform his judicial function of impartially assessing the validity of the alleged "General Release" which was done in camera without involvement of Plaintiffs' attorney." *Id.* ¶¶ 72-73.

Several Defendants moved to dismiss the initial complaint. *See* William L Biddle and Urstadt Biddle Property Inc. Mot. to Dismiss, ECF No. 10; Noble F. Allen, Hinckley, Allen and Snyder LLP Mot. to Dismiss, ECF No. 14; Coles, Balwin and Kaiser, LLC, John B. Kaiser, Spa Thea Mot. to Dismiss, ECF No. 19. Plaintiffs then moved for additional time to respond to the motions to dismiss, which the Court granted. *See* Order, ECF No. 21.

Plaintiffs then filed an amended complaint on October 25, 2017. Amend. Compl., ECF No. 22. The amended complaint added claims under the federal Racketeer Influenced and Corruption Act ("RICO") and False Claims Act, and maintained similar claims to their first complaint. Amend. Compl. ¶¶ 4-13.

Defendants' moved to strike the amended complaint. *See* William L Biddle and Urstadt Biddle Property Inc. Mot. to Strike, ECF No. 25; Nobel F. Allen, Hinckley, Allen, and Snyder LLP Mot. to Strike, ECF No. 27; Tibbetts Keating & Butler LLC Mot. to Strike Amended Compl., ECF No. 29; Coles Baldwin and Kaiser LLC, John B Kaiser, Spa Thea, LLC Mot. to Strike, ECF No. 30.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 provides that parties may either amend once as a matter of course or, once the time period has elapsed, move for leave to file an amended complaint. Fed. R. Civ. P. 15(a). Amendments as a matter of course do not require court

approval, provided that the amended complaint is filed within 21 days after serving the initial complaint or within 21 days after a responsive pleading or filing of a motion to dismiss. Fed. R. Civ. P. 15(a)(1).

Parties who fail to file an amended complaint within 15(a)(1)'s time period, or who seek additional amendments, may seek the consent of their opposing party or the court's leave to amend. Fed. R. Civ. P. 15(a)(2). The Federal Rules require that the "court should freely give leave when justice so requires." *Id*. Leave to amend may be denied when amendment is "unlikely to be productive," such as when an amendment is "futile" and "could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente v. Int'l Bus. Machines Corp*., 310 F.3d 243, 258 (2d Cir. 2002) (internal citations omitted). Other grounds include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Stiller v. Colangelo*, 221 F.R.D. 316, 317 (D. Conn. 2004) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

### III. DISCUSSION

Federal Rule of Civil Procedure 15(a) governs the filing of amended pleadings prior to trial. A party is allowed to amend its pleading "once as a matter of course" within "21 days after serving it" or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Once that time period elapses, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Plaintiffs' amended complaint appears to be within the timeline prescribed for amendment as of right. Fed. R. Civ. P. 15(a)(2). Plaintiffs effectively moved for an extension of time to respond to the motions to dismiss, and they filed the Amended Complaint within that period. Therefore, there is no reason to strike the Amended Complaint, and the case will proceed on the Amended Complaint.

### A.  Plaintiffs' Motion for Extension of Time

Plaintiffs initially filed their complaint in this matter on August 21, 2017. *See* Compl., ECF No. 1. Several defendants moved to dismiss the initial complaint on September 13, 2017 and September 26, 2017. *See* William L Biddle and Urstadt Biddle Property Inc. Mot. to Dismiss, ECF No. 10; Noble F. Allen, Hinckley, Allen and Snyder LLP Mot. to Dismiss, ECF No. 14; Coles, Balwin and Kaiser, LLC, John B. Kaiser, Spa Thea Mot. to Dismiss, ECF No. 19.

In a letter dated September 26 and docketed September 28, Plaintiffs referenced two of the pending motions to dismiss and requested an extension of time to reply. *See* Pl. Mot. for Extension of Time, ECF No. 20. The letter stated "My wife and I beg your indulgence and humbly request that as we are not lawyers and this being our first opportunity in handling such matters, we are hoping if our request for an extension for time would meet with favorable response from this Court." *Id.* at 1. After noting that they had done some research and anticipated that they would need extra time to respond to the pending motions to dismiss, Plaintiffs requested the Court "allow us until Nov. 30th 2017 to present our arguments as to why their motion to dismiss our case now would be highly detrimental to us." *Id.* The Court granted the request. *See* Order, ECF No. 21 (noting "Plaintiffs' Response due by 11/30/2017").

The letter only addresses two of the pending motions to dismiss. As an initial matter, it is unclear how much notice plaintiffs had regarding any of the filings in this case. Plaintiffs are

proceeding in this matter *pro se*, and they have not applied for access to electronic filing. The Local Rules require that "Any represented party moving to dismiss the complaint of a self-represented party shall file and serve, as a separate document in the form set forth below, a 'Notice to Self-Represented Litigant Concerning Motion to Dismiss.' The movant shall attach to the notice copies of the full text of Rule 12 of the Federal Rules of Civil Procedure and Local Civil Rule 7." D. Conn. L. Civ. R. 12(a). All three sets of defendants who filed motions to dismiss have notified the Court that they have failed to follow this rule until after the time period at issue. *See* Notice by Tibbets, Keating and Butler, ECF No. 35; Notice by William L. Biddle, Urstadt Biddle Property Inc, ECF No. 39; Notice by Nobel F. Allen, Hinkley, Allen & Snyder LLP, ECF No. 44.

Even if the plaintiff was on notice regarding the motions to dismiss, the Court is under an obligation to liberally construe *pro se* filings. *See, e.g., Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (collecting cases and stating: "It is well established that the submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest.") (internal quotation marks omitted). Construing the text of the motion liberally, it is clear that Plaintiffs sought to extend the time for response to the motions to dismiss they felt were pending at the time.

Therefore, the Court concludes that the Plaintiffs effectively moved to extend the time to respond. The Court will now examine what effect that motion had for the filing of an amended complaint.[1]

---

[1] Defendants argue that the Amended Complaint was submitted late in contradiction to a Court-opposed guideline, citing the date provided in the Court's initial scheduling order. The Court appreciates the argument, but given the circumstances, it does not warrant precluding the filing of the amended complaint. *Cf. Kassner v. 2nd Avenue Delicatessen, Inc.*, 496 F.3d 229, 244

**B.     Effect of an Extension of Time on the Filing of an Amended Complaint**

The filing of an amended complaint is considered to be one manner in which a plaintiff may respond to a motion to dismiss. *See* Fed. R. Civ. P. 15(a)(1) (allowing amendment as a matter of course following a motion to dismiss). Additionally, while the default rule is that such responses must be filed within 21 days, the Court is permitted to grant extensions of time for that response. *See* Fed. R. Civ. P. 6(b) (allowing, for "good cause," extensions of time "when an act may or must be done within a specific time" and request is made before original deadline expires); 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. CIV. § 1480 (3d ed. 2017) ("However, if the time for serving the responsive pleading is extended by a motion for enlargement of time under Rule 6(b), or by a stipulation, the period for amending as of right also may be enlarged."); *see also MacPherson v. Berman*, No. 3:02-cv-1309 (SRU), 2006 WL 1359333 (D. Conn. May 16, 2006) (noting that plaintiffs had requested nearly two years of extensions to respond to motions to dismiss before filing an amended complaint, but ultimately denying for leave to file amended complaint after several more years of delay); *cf. Rodriguez v. Griffin,* 672 F. App'x 106, 108 (2d Cir. 2016) (noting "district courts enjoy considerable discretion in such matters" but overturning District Court's denial of an opportunity for *pro se* plaintiff to amend complaint because of, in part, plaintiff's request for an extension of time).

Given these considerations, the Court holds that Plaintiffs moved for an extension of time and the Court's granting of that motion extended the time for the filing of an amended complaint as of right. Defendants' motions to strike, ECF No. 25, 27, 29, 30, are denied.

---

(noting district court's discretion to set deadlines for amendment as a matter of course consistent with its Rule 16 authority).

The case will proceed on the Amended Complaint; Defendants' motions to dismiss the initial complaint, ECF No. 10, 14, 19, are dismissed as moot. *See, e.g.*, *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir.1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (internal quotation omitted)); *Holliday v. Augustine*, No. 3:14-CV-855 SRU, 2015 WL 136545, at *1 (D. Conn. Jan. 9, 2015) (noting "because the plaintiff timely filed his amended complaint, leave to amend is not required. The plaintiff's motion is denied as moot").

## II. CONCLUSION

The motions to strike, ECF No. 25, 27, 29, and 30, will be **DENIED**. Three pending motions to dismiss, ECF No.10, 14, and 19, will be **DISMISSED** as moot, without prejudice to renewing any arguments raised as to the amended complaint at a later date.

SO ORDERED this 17th day of January, 2018, in Bridgeport, Connecticut.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE