UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NUSRAT RIZVI, and
EILEEN RIZVI,
    Plaintiffs,

v.

URSTADT BIDDLE PROPERTIES INC.
et al.
    Defendants.

No. 3:17-cv-01410-VAB

**RULING ON DEFENDANT ROBAINA'S MOTION TO DISMISS**

Nusrat and Eileen Rizvi ("Plaintiffs") filed this lawsuit on August 21, 2017. Compl., ECF No. 1. Defendant Antonio Robaina ("Mr. Robaina") seeks dismissal from the lawsuit. Based on the reasons stated below, the motion will be **GRANTED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Background

Plaintiffs filed the initial complaint on August 21, 2017. Compl., ECF No. 1.[1] They alleged that Defendants Urstadt Biddle Properties ("UBP") and Andrew Stephanou conspired to reduce the sale price of the Lanphier Spa. *Id.* ¶ 15. Plaintiffs owned the spa from 1992 until 2012, UBP owned the property since 1998 and leased the property to the Plaintiffs, and Stephanou had managed the spa and began discussing purchasing the business from Plaintiffs in 2010. *Id.* ¶ 19, 24. Plaintiffs alleged that, as they sought to extend their lease, UBP would state additional restrictions on the renewal of the lease, and Stefanou would lower his offering price.

---

[1] The Court only includes the facts relevant to Defendant Robaina. A longer description of the factual and procedural background is detailed in the Court's Ruling on Defendants' Motions to Strike Amended Complaint, ECF No. 61, and is incorporated here by reference.

1

*Id.* ¶ 33-36. Plaintiffs alleged that they confronted Stefanou and terminated his employment as a result, but UBP refused to negotiate further and rented the facility to Stefanou instead. *Id.* ¶¶ 37, 39-41.

This lawsuit arises from Plaintiff's allegations that the parties forged their signature on a settlement agreement: they claim they only signed part of a Stipulated Judgment, but that it did not contain a "General Release" section. *Id.* ¶¶ 58-60. The initial complaint in this matter alleged that UBP and Stefanou, aided by the various law firms and lawyers who had participated in the state court matters the agreement stemmed from, violated federal mail fraud statutes and state forgery laws.

Plaintiff initially alleged that they filed a complaint in state court in 2014 for a Pure Bill of Discovery. *Id.* ¶¶ 63-64. Judge Antonio Robaina, presided over the matter and examined the allegedly forged agreements *in camera* and denied discovery, "stating the documents were identical except for a handwritten note on the upper right hand of the first page and the name of the County as Fairfield in faded ink . . . ." *Id.* Plaintiff's alleged that:

> Defendant Robaina is liable for being corrupted or influenced by a consortium of other Defendants to not perform his judicial function of impartially assessing the validity of the alleged "General Release" which was done in camera without involvement of Plaintiffs' attorney. Thus, not adjudging impartially the authenticity of purportedly forged documents and issuing the JDNO Notice finding it was authentic, undermined the integrity of the Court.

*Id.* ¶¶ 72-73.

Plaintiffs then filed an amended complaint on October 25, 2017.[2] Amend. Compl., ECF No. 22. The amended complaint added claims under the federal Racketeer Influenced and

---

[2] Several defendants — although not Defendant Robaina — filed motions to strike the amended complaint, which the Court denied. *See* Ruling on Defendants' Motions to Strike Amended Complaint, ECF No. 61.

Corruption Act ("RICO") and False Claims Act, and maintained similar claims to their first complaint. Amend. Compl. ¶¶ 4-13. While the amended complaint continues to address the actions of the other defendants, Defendant Robaina is only mentioned briefly. The amended complaint also no longer included a charge of "fraud on the court."

Mr. Robaina moved to dismiss the amended complaint. *See* Robaina Motion to Dismiss, ECF No. 41. He argues that the amended complaint fails to state a claim and should therefore be dismissed under Fed. R. Civ. P. 12(b)(6). Alternatively, he argues that the amended complaint should be dismissed under Fed. R. Civ. P. 12(b)(1) based on the doctrine of judicial immunity, or under Fed. R. Civ. P. 12(b)(5) for insufficient service of process.

## II. STANDARD OF REVIEW

In evaluating a motion under Rule 12(b)(1) for lack of subject matter jurisdiction, the Court "must accept as true all material factual allegations in the complaint but need not draw inferences favorable to the party asserting jurisdiction." *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998). The plaintiff bears the burden of showing that subject matter jurisdiction is proper based on facts existing at the time he or she filed the complaint. *Scelsa v. City Univ. of New York*, 76 F.3d 37, 40 (2d Cir. 1996) (citations omitted).

Under Federal Rule of Civil Procedure 12(b)(5), a party may file a motion to dismiss due to "insufficient service of process." Fed. R. Civ. P. 12(b)(5). A motion to dismiss under Rule 12(b)(5) may be granted "if the plaintiff fails to serve a copy of the summons and complaint on the defendants pursuant to Rule 4 of the Federal Rules, which sets forth the federal requirements for service." *Rzayeva v. United States*, 492 F. Supp. 2d 60, 74 (D. Conn. 2007). "Once validity of service has been challenged, it becomes the plaintiff's burden to prove that service of process was adequate." *Cole v. Aetna Life & Cas.*, 70 F. Supp. 2d 106, 110 (D. Conn. 1999).

3

Federal Rule of Civil Procedure 12(b)(6) requires dismissal of any claim that fails "to state a claim upon which relief can be granted." In reviewing a complaint under Rule 12(b)(6), the court applies "a 'plausibility standard,'" guided by "two working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). First, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Second, to survive a motion to dismiss, the complaint must state a plausible claim for relief. *Id*. at 679. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 678. Instead, a plaintiff must allege facts that "nudge[] their claims across the line from conceivable to plausible . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Determining whether the complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

When evaluating a 12(b)(6) motion, the court must accept all factual allegations in the complaint as true and draw all possible inferences from those allegations in favor of the plaintiff. *See York v. Ass'n of the Bar of the City of New York*, 286 F.3d 122, 125 (2d Cir.), cert. denied, 537 U.S. 1089 (2002). The proper consideration is not whether the plaintiff ultimately will prevail, but whether the plaintiff has stated a claim upon which relief may be granted such that he should be entitled to offer evidence to support his claim. *See id*. (citation omitted). Courts considering motions to dismiss under Rule 12(b)(6) generally "must limit [their] analysis to the four corners of the complaint," though they may also consider documents that are "incorporated in the complaint by reference." *Kermanshah v. Kermanshah*, 580 F.Supp.2d 247, 258 (S.D.N.Y. 2008).

*Pro se* complaints "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (internal quotation marks omitted) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing the "special solicitude" courts afford *pro se* litigants).

## III. DISCUSSION

Mr. Robaina moves to be dismissed from the case for three reasons. First, he argues the amended complaint should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6). He argues that the amended complaint must be dismissed because it contains no allegations or causes of action that address his conduct. Robaina Mem. at 4. Second, he argues that, should the Court consider the original complaint, it must still be dismissed because the doctrine of judicial immunity would bar claims like these stemming from judicial acts. Robaina Mem. at 5. Third, he argues that it should be dismissed under Fed. R. Civ. P 12(b)(5) for insufficient service of process. The Court agrees.

As the Court has previously noted, Plaintiffs filed an amended complaint. *See* Ruling on Defendants' Motions to Strike Amended Complaint at 8, ECF No. 61 (noting case will proceed on amended complaint). The filing of an amended complaint "supersedes the original, and renders it of no legal effect." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir.1994) (internal quotation omitted); *see also Ortiz v. Vill. of Monticello, N.Y.*, No. 06 CIV. 2208 ER, 2012 WL 5395255, at *1 (S.D.N.Y. Nov. 2, 2012) ("Defendants request dismissal of both the Complaint and the First Amended Complaint. However, the filing of an amended complaint generally supersedes the original complaint and renders the original pleading of no legal effect. . . . Accordingly, the Court will only consider the First Amended Complaint." (internal citations omitted)). Therefore, the amended complaint is the operative complaint here.

5

The amended complaint contains no specific allegations related to Mr. Robaina. Other than listing his name twice among the list of defendants, the amended complaint makes no mention of Mr. Robaina's conduct. Amend. Compl. at 1, ¶¶ 31. Such conclusory allegations are not sufficient to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Zavatsky v. Anderson,* 130 F. Supp.2d 349, 358 (D. Conn. 2001) ("[W]here the complaint names a defendant in the caption but contains no allegations indicating exactly how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted." (quoting *Dove v. Fordham Univ.,* 56 F.Supp.2d 330, 335 (S.D.N.Y.1999)).

Even assuming that the original, more detailed allegations from the original complaint were still operative, the complaint would have to be dismissed due to the doctrine of judicial immunity. *See Parmlee v. State Dep't of Revenue Servs.*, No. 3:98-cv-2021 (AHN), 1999 WL 305476, at *3 (D. Conn. Apr. 13, 1999) ("Generally, a judge is immune from a suit seeking money damages unless: (1) the actions giving rise to the suit were not taken in the judge's judicial capacity, or (2) the suit arises from actions taken by the judge in the complete absence of jurisdiction."); *Peia v. United States*, 152 F. Supp. 2d 226, 235 n.12 (D. Conn. 2001) ("Judicial immunity also provides an alternative basis, in addition to the United States not being a proper party to a civil RICO claim, to dismiss the civil RICO claim arising out of Judge Matz's conduct.").

Judicial immunity applies to actions performed within a judge's judicial capacity. *Tucker v. Outwater*, 118 F.3d 930, 933 (2d Cir. 1997). The initial complaint in this case stated that the alleged claims arose when Mr. Robaina examined documents *in camera* and ruled against the Plaintiffs, and there is no allegation that Mr. Robaina was acting without jurisdiction in

addressing Plaintiff's complaint in state court. Therefore, judicial immunity would have barred the claims against Mr. Robaina as they were pled in the initial complaint

## IV. CONCLUSION

Mr. Robaina's motion to dismiss, ECF No. 41, is **GRANTED** for the reasons discussed above.

Given the doctrine of judicial immunity, it is unlikely that further amendment would be productive. Accordingly the claims against Mr. Robaina are dismissed with prejudice. *See Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) ("Where it appears that granting leave to amend is unlikely to be productive . . . it is not an abuse of discretion to deny leave to amend.") (citing *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993)).

**SO ORDERED** this 17th day of January, 2018, in Bridgeport, Connecticut.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE